NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANGSHUN LIN, | No.   19-72459 |
| Petitioner, | 20-70871 |
| v. | Agency No. A215-821-922 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2022[**]
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

In these consolidated petitions, Bangshun Lin, a native and citizen of the

People's Republic of China, seeks review of the Board of Immigration Appeals'

("BIA") summary dismissal of his appeal of the Immigration Judge's ("IJ") order

denying his claims for relief from removal, and denial of his motion to reopen

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

those proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petitions.

1. The BIA summarily dismissed Lin's appeal of the IJ's order for failing to comply with the requirements set forth in 8 C.F.R § 1003.1(d)(2)(i). Specifically, the BIA held that Lin failed to provide the grounds for his appeal and failed to file a written brief despite indicating on his notice of appeal that he would do so. On appeal to this court, Lin acknowledges the BIA's summary dismissal but does not contest the grounds on which the BIA relied to dismiss his case. Lin has thus forfeited any challenge to the summary dismissal's grounds by failing to specifically and distinctly argue it in his opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

2. The BIA did not abuse its discretion in denying the motion to reopen because Lin did not establish prejudice resulting from his counsel's failure to file a brief on administrative appeal. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824–26 (9th Cir. 2003). Lin contends that he suffered prejudice because he was deprived of the opportunity to challenge the IJ's adverse credibility finding. Lin, however, does not raise "arguments [that] might have been successful on appeal to the BIA." *Id.* at 826.

Specifically, Lin argues that the IJ improperly relied on statements from his credible fear interview and that his documentary evidence bolstered his testimony.

2

But because the interview had sufficient indicia of reliability, the IJ could properly rely on it. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020) (holding that there were sufficient indicia of reliability where "the interviews were conducted under oath, with contemporaneous notes containing the questions asked, and transcribed . . . with the aid of an interpreter"). And Lin's allegations of mistranslation and lack of comprehension during the interview are speculative in the absence of any supporting evidence.[1] The record also does not compel a finding that Lin's documentary evidence rehabilitated his incredible testimony in light of the wide-ranging inconsistencies and omissions the IJ identified, and Lin does not contend that the documentary evidence alone is sufficient to support his claims in the absence of credible testimony. *Cf. Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014).

**PETITIONS FOR REVIEW DENIED.**

---

[1] That Lin's counsel disconnected during the telephonic interview does not render the transcript unreliable.